**United States Equal Employment Opportunity Commission**
**Philadelphia District Office**
**801 Market Street, Penthouse, Ste. 1300**
**Philadelphia, PA 19107-3127**
**(215) 440-2684**
**Iris Santiago-Flores, Trial Attorney**
**IASF-9222**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO.** |
| v. | ) ) | |
| **PETSMART, INC.** | ) ) ) | **COMPLAINT** <br> **JURY TRIAL DEMAND** |
| **Defendant.** | ) ) | |
| _____ | ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate based on sex and retaliation, and to provide appropriate relief to Jacqueline Reinert, as well as a class of female employees who were adversely affected by such practices.  As articulated with greater particularity in paragraph 7 below, the Commission alleges that Ms. Reinert and a class of other female employees were subjected to sexual harassment through frequent sexually explicit, insulting, and derogatory comments and conduct of a Store Manager which created a sexually hostile and offensive work environment for them as females. The Commission alleges that although Ms. Reinert and the class of females objected to and/or complained to Defendant Employer about the sexual harassment, Defendant failed to take prompt and effective remedial action.

In addition, the Commission alleges that Ms. Reinert was subjected to retaliation due to her complaints about the sexually hostile work environment. As a result of the harassment and retaliatory treatment, Ms. Reinert was constructively discharged. Because of the unlawful employment practices, Ms. Reiner and a class of female employees suffered damages, including monetary losses and severe emotional distress damages.

## JURISDICTION AND VENUE

1.　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.　　The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.　　Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4.　　At all relevant times, Defendant Employer, PetSmart, Inc., has continuously been and is now doing business in Berks and Lehigh Counties in Pennsylvania and has continuously had at least fifteen (15) employees.

5.　　At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of

Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ms. Jacqueline Reinert filed a charge of employment discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2005, Defendant Employer has engaged in unlawful employment practices at its Pennsylvania facilities in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a) (1), by subjecting Ms. Reinert, and a class of female employees to a sexually hostile work environment, by the conduct of Store Manager Paul Farrington, as follows:

(a) Jacqueline Reinert was hired by Defendant Employer on September 19, 2005 as an Operations Manager. She was initially assigned to work at the Whitehall, Pennsylvania store. Thereafter, she was assigned to the Pottstown facility, and in December 2005, she was reassigned to the Wyomissing store.

(b) As an Operations Manager, Ms. Reinert was responsible for the store operations in the absence of the Store Manager, all product presentations, and had front-end cashier accountability. Her base salary was $47, 150.00 annually, plus a bonus and benefits.

(c) Ms. Reinert first worked with Store Manager Paul Farrington, her direct supervisor, when she was assigned to the Pottstown store. Ms. Reinert first learned of Mr. Farrington's reputation as a sexual harasser while working in the Whitehall Store, and repeatedly asked that she not be assigned to the same store.

(d) In December 2005, Mr. Farrington was assigned to the Wyomissing store as Store Manager, and Ms. Reinert, as Operations Manager, began reporting to him.

(d)     Farrington engaged in daily and unrelenting sexually offensive conduct toward Ms. Reinert and a class of female employees which included, but was not limited to:

(1)     Frequently staring at women's breasts, including those of Ms. Reinert, the female employees, and at body parts of female customers;

(2)     Frequently grabbing his genitals while talking to Ms. Reinert and/or other female employees, even after being told that it was offensive and objectionable;

(3)     Treating females as sex objects, openly commenting about their appearance and bodies, specifically focusing on women with large breasts, and making statements such as "Wow, look at that." "She's hot." and/or "She has big ones";

(4)     Making demeaning, condescending, and sexist remarks about women, including insinuating that women were dumb and cannot count, read, make decisions, or have authority;

(5)     Using a sexually-suggestive tone of voice when speaking to female staff members and making sexually offensive jokes;

(6)     Making explicit sexual comments and innuendos about his sexual desires, sexual fantasies, and his personal sexual relationship;

(7)     Placing his body uncomfortably close to Ms. Reinert and other female employees when interacting with them at work.

(e)     Ms. Reinert and the class members repeatedly complained about the sexually offensive work environment created by Store Manager Farrington to a number of Defendant's Managers, including Dan Tisch, District Manager. However, Defendant failed to take prompt and effective remedial action to address the sexually hostile work environment.

8. Since April 2006, Defendant Employer has engaged in unlawful employment practices at its Wyomissing, Pennsylvania facility in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting Ms. Reinert to retaliation in the form of less favorable terms and conditions of her employment, and to retaliatory harassment, as follows:

(a) Farrington yelled and screamed at Ms. Reinert, bringing her to tears on numerous occasions;

(b) Subjecting her to increased scrutiny over her work;

(c) Withholding important work-related information, and excluding Ms. Reinert from decision-making functions, to allow her to effectively perform her job;

(d) Denying her requests for vacation and time-off;

(e) Scheduling her to work less favorable shifts, despite promises that he would not;

(f) Following her around the store, even to the ladies' restroom door, and waiting for her outside the restroom;

(g) Belittling her in front of her subordinates;

(h) Placing her on a Performance Improvement Plan ("PIP) in September 2006, despite her good performance record; and,

(i) Subjecting her to unjustified discipline.

9. As a direct consequence of the sexually hostile work environment, Defendant's retaliatory treatment, and Defendant Employer's failure to take any effective corrective action, Ms. Reinert was constructively discharged on November 10, 2006.

10. The effect of the practices complained of in paragraph 7 above have been to deprive Ms. Reinert and a class of female employees of equal employment opportunities and

otherwise adversely affect their status as employees because of their sex (female).

11.     The effect of the practices complained of in paragraph 8 above has been to deprive Ms. Reinert of equal employment opportunities and otherwise adversely affect her status as an employee because of retaliation.

12.     The acts complained of in paragraphs 7 and 8 above were intentional.

13.     The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of the Charging Party and a class of female employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, and any other employment practice which discriminates on the basis of sex and/or retaliation.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees, which provide for an harassment-free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D.      Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies

against discrimination and harassment.

  E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department or personnel charged with handling such complaints.

  F. Order Defendant Employer to make whole Jacqueline Reinert and a class of female employees and former employees by providing appropriate back pay, bonuses, and/or benefits, reinstatement and/or front pay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  G. Order Defendant Employer to make whole Jacqueline Reinert and a class of female employees and former employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

  H. Order Defendant Employer to make whole Jacqueline Reinert and a class of female employees and former employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

  I. Order Defendant Employer to pay Jacqueline Reinert and a class of female

employees and former employees punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

J.   Grant such further relief as the Court deems necessary and proper in the public interest.

K.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
WASHINGTON, D.C.

*/s/ Jacqueline H. McNair*
JACQUELINE H. MCNAIR
Regional Attorney

*/s/ Judith A. O'Boyle*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

_____
IRIS SANTIAGO-FLORES
Senior Trial Attorney

U.S. EEOC, Philadelphia District Office
801 Market Street, Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2684(direct)
(215) 440-2828(fax)
Iris.Santiago-Flores@eeoc.gov