# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

        v.

PETSMART, INC.,

        Defendant.

Case No. 08-3527

FILED ELECTRONICALLY

## ANSWER TO COMPLAINT

Defendant PetSmart, Inc. ("PetSmart"), by and through its undersigned counsel, hereby responds to the Complaint filed by the Equal Employment Opportunity Commission ("the Commission"), which purports to proceed on behalf of Jacqueline Reinert ("Ms. Reinert") and an alleged class of female employees (collectively "the class"), as follows:

## NATURE OF THE ACTION

PetSmart admits that the Commission purports to state claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 and requests relief on behalf of an alleged class for the same, but denies that any such claims are viable and/or that the Commission or any individual on whose behalf it purports to sue, is entitled to any relief. PetSmart further denies the Commission's allegations that it failed to take prompt and effective remedial action, that it constructively discharged Ms. Reinert, and that the purported class suffered any damages.

## JURISDICTION AND VENUE

1.      PetSmart denies that this Court has jurisdiction. Neither the Commission nor Ms. Reinert have fulfilled the requisite conditions precedent to the institution of this lawsuit. The

remaining allegations of paragraph 1 state conclusions of law to which no response is required.

2. PetSmart admits that the Commission claims that the alleged unlawful employment practices occurred in this Court's jurisdiction, but denies that such legal claims are viable.

## PARTIES

3. The allegations set forth in paragraph 3 state conclusions of law to which no response is required. To the extent a response is deemed necessary, PetSmart denies that the Commission is authorized to bring this action. By way of further response, the Commission did not comply with all prerequisites to filing this lawsuit.

4. Admitted.

5. The allegations set forth in paragraph 5 state conclusions of law to which no response is required.

## STATEMENT OF CLAIMS

6. Admitted in part; denied in part. PetSmart admits that Jacqueline Reinert filed a charge of discrimination with the Commission at least 30 days before the Commission initiated this Action. PetSmart denies that the Commission satisfied the requisite conditions precedent to instituting this lawsuit.

7. The allegations set forth in paragraph 7 state conclusions of law to which no response is required. To the extent a response is deemed necessary, those allegations are denied.

(a) Admitted.

(b) Denied.

(c) Admitted in part; denied in part. PetSmart admits that Ms. Reinert first worked with Paul Farrington at the Pottstown store and that he later became her supervisor.

PetSmart denies the remaining allegations set forth in paragraph 7(c).

        (d)     Admitted.

        (d)[1]   Denied.

               (1)     Denied.

               (2)     Denied.

               (3)     Denied.

               (4)     Denied.

               (5)     Denied.

               (6)     Denied.

               (7)     Denied.

        (e)     Denied.

8.     The allegations set forth in paragraph 8 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, those allegations are denied.

        (a)     Denied.

        (b)     Denied.

        (c)     Denied.

        (d)     Denied.

        (e)     Denied.

        (f)     Denied.

        (g)     Denied.

        (h)     Denied.

        (i)     Denied.

---

[1] The Commission's Complaint contains duplicates of paragraph 7(d); PetSmart's Answer

9.      The allegations set forth in paragraph 9 state conclusions of law to which no response is required. To the extent a response is deemed necessary, those allegations are denied. By way of further response, PetSmart did not constructively discharged Ms. Reinert.

10.     The allegations set forth in paragraph 10 state conclusions of law to which no response is required. To the extent a response is deemed necessary, those allegations are denied. By way of further answer, there was no gender based discrimination/harassment.

11.     The allegations set forth in paragraph 11 state conclusions of law to which no response is required. To the extent a response is deemed necessary, those allegations are denied. By way of further answer, there was no retaliation.

12.     The allegations set forth in paragraph 12 state conclusions of law to which no response is required. To the extent a response is deemed necessary, those allegations are denied. By way of further answer, there were no intentional acts of discrimination, harassment or retaliation.

13.     The allegations set forth in paragraph 13 state conclusions of law to which no response is required. To the extent a response is deemed necessary, those allegations are denied. By way of further answer, PetSmart did not take any unlawful employment action against Ms. Reinert or any alleged class member.

WHEREFORE, the Court should dismiss the Commission's Complaint in its entirety and enter judgment in PetSmart's favor and award PetSmart its legal fees and costs associated with defending this Action, and whatever other relief the Court deems appropriate.

---

therefore does likewise in order to avoid confusion.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant PetSmart hereby asserts the following Affirmative and Additional Defenses in response to the Complaint of the Commission:

### First Affirmative Defense

At all times, PetSmart acted toward Ms. Reinert and other alleged class members in good faith and PetSmart did not willfully violate Title VII or any other law.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction because the Commission failed to engage in good-faith efforts to conciliate.

### Third Affirmative Defense

Venue is improper in this Court because the Commission failed to engage in good-faith efforts to conciliate.

### Fourth Affirmative Defense

Any and all compensatory and punitive damages are subject to the damages cap provided by 42 U.S.C. § 1981a(b)(3).

### Fifth Affirmative Defense

The Commission's claims, as well as the claims of certain alleged class members are barred because certain alleged class members signed releases invalidating their claims for monetary relief.

### Sixth Affirmative Defense

The Commission's claims are barred to the extent Ms. Reinert or other alleged class members failed to comply with the applicable statute of limitations.

## Seventh Affirmative Defense

The doctrine of laches bars, in whole or in part, the Commission's claims.

## Eighth Affirmative Defense

PetSmart maintains, communicates, and effectively implements policies regarding reporting issues of sexual harassment and prohibiting discrimination in the workplace, including a mechanism by which complaints of such conduct are investigated and effectively remedied. Ms. Reinert and the class purportedly represented by the Commission failed to avail themselves of the complaint mechanism set forth in PetSmart's policies and procedures and posted in every store.

## Ninth Affirmative Defense

The class purportedly represented by the Commission has failed to mitigate their damages, if any, and PetSmart is entitled to an offset to the extent of any mitigation.

WHEREFORE, PetSmart respectfully requests that the Court dismiss this lawsuit in its entirety and with prejudice, that this Court enter judgment in favor of PetSmart and against the Commission on all counts, and that this Court award PetSmart its costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

Respectfully submitted,

/s/ James N. Boudreau
James N. Boudreau, (PA #77891)
Michele H. Malloy, (PA #88456)
Sarah L. Powenski, (PA #91772)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321

Attorneys for Defendant
PetSmart, Inc.

Dated: September 8, 2008

## CERTIFICATE OF SERVICE

I, James N. Boudreau, Esquire, hereby certify that on the 8th day of September, 2008, I caused the foregoing **Answer to Complaint** to be filed via the Electronic Case Filing System (ECF) and the document is available for viewing and downloading from the ECF System to the following counsel of record who has consented to electronic service:

> Jacqueline McNair, Esquire
> Judith O'Boyle, Esquire
> Equal Employment Opportunity Commission
> Philadelphia District Office
> 801 Market Street, Penthouse, Ste. 1300
> Philadelphia, PA 19107-3127
> Attorney for Plaintiff

/s/ James N. Boudreau
James N. Boudreau