



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Equal Employment Opportunity Commission, Plaintiff | Civil Action |
| v. | No. 08-3527 |
| PetSmart, Inc., Defendant | Assigned to Thomas M. Golden, J. |
| | Jury Trial Demanded |

FILED
JAN 9, 2009
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**COMPLAINT
OF INTERVENOR JACQUELINE REINERT**

Jacqueline Reinert, Plaintiff/Intervenor, by her attorney, Jana R. Barnett, Esq., alleges as follows:

## I. INTRODUCTION

1. This is an action seeking redress for discrimination based on sex (sexual harassment) and retaliation, in contravention of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("P.H.R.A.").

2. Mrs. Reinert, a female citizen of the United States, seeks equitable and monetary relief for PetSmart, Inc.'s unlawful actions, including back pay and benefits, front pay and benefits, compensation for physical and emotional pain and suffering, reimbursement of expenses, costs, attorney's fees, punitive damages, and all other relief to which she is entitled by Title VII and the P.H.R.A.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331, and 42 U.S.C. §2000e *et seq.* (§706). This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the claims arising under the P.H.R.A. are so related to the claims arising under Title VII that they form the same case or controversy.

4. Venue in this district is appropriate pursuant to 28 U.S.C. §1391(b). The unlawful acts and practices of PetSmart, Inc. were committed by the Defendant in Lehigh, Montgomery

and Berks Counties, Pennsylvania, all of which are within the Eastern District of Pennsylvania.

## III. PARTIES

5. Plaintiff Jacqueline Reinert is an adult citizen of the Commonwealth of Pennsylvania who resides in Berks County, Pennsylvania. Her address is 132 Henry Avenue, Boyertown, PA 19512.

6. Defendant PetSmart, Inc. ("PetSmart") is headquartered at 19601 N. 17th Avenue, Phoenix, Arizona 85027. It has stores throughout the United States, including but not limited to Lehigh, Montgomery and Berks Counties, Pennsylvania. It employed Mrs. Reinert. It is an employer within the meaning of Title VII as well as the Pennsylvania Human Relations Act.

## IV. FACTUAL BACKGROUND

7. Mrs. Reinert began working for PetSmart, Inc. on September 19, 2005, as an Operations Manager.

8. As an Operations Manager, Mrs. Reinert was responsible for the store operations in the absence of the Store Manager, and all product presentations. She had front-end cashier accountability. Her annual base salary was at least $47,150, plus a bonus and benefits.

9. Initially, Mrs. Reinert was assigned to work at the Whitehall (Lehigh County, Pennsylvania) store.

10. While working in the Whitehall store, Mrs. Reinert learned of Paul Farrington's reputation as a sexual harasser. She repeatedly asked that she not be assigned to the same store as Mr. Farrington.

11. In October 2005, PetSmart transferred Mrs. Reinert to the Pottstown store, where Mr. Farrington was an Operations Manager.

12. In December 2005, PetSmart was opening a store in Wyomissing (Berks County). It reassigned Mr. Farrington to the Wyomissing store, and promoted him to the position of Store Manager.

13. Despite Mrs. Reinert's request that she remain in Pottstown, PetSmart, Inc. reassigned Mrs. Reinert to the Wyomissing store as well. Mrs. Reinert was the Operations Manager.

14. Later, Mrs. Reinert asked to be transferred from the Wyomissing store, and PetSmart refused her request.

15. Mr. Farrington engaged in daily and unrelenting sexually offensive conduct toward Mrs. Reinert and other females, including but not limited to:
   a. Frequently staring at women's breasts, including those of Mrs. Reinert, female employees and female customers;
   b. Frequently grabbing his genitals while talking to Mrs. Reinert and other female employees, even after being told that it was offensive and objectionable;
   c. Grabbing his genitals while walking throughout the store;
   d. Smelling Mrs. Reinert's neck;
   e. Remarking on Mrs. Reinert's appearance and smell;
   f. Treating females as sex objects, openly commenting about their appearance and bodies, specifically focusing on women with large breasts, and making statement such as, "Wow, look at that!", "She's hot!" and/or "She has big ones!";
   g. Making demeaning, condescending, and sexist remarks about women, including insinuating that women were dumb and could not count, read, make decisions, or exercise authority;
   h. Using a sexually-suggestive tone of voice when speaking to female staff members, and making sexually offensive jokes;
   i. Making explicit sexual comments and innuendos about his sexual desires, sexual fantasies, and his personal sexual relationship; and
   j. Placing his body uncomfortably close to Mrs. Reinert when interacting with her at work.

16. Mrs. Reinert and others complained about the sexually offensive work environment created by Mr. Farrington. Among others, Mrs. Reinert complained to Dan Tisch, District Manager, the trainer for a sexual harassment course, and Human Resources.

17. Despite these complaints, PetSmart failed to take prompt and effective remedial action to address the sexually hostile work environment.

18. PetSmart instructed Mrs. Reinert to stop collecting statements of employees who complained about Mr. Farrington's conduct.

19. PetSmart retaliated against Mrs. Reinert as a result of her complaints of sexual

harassment against herself and others, and opposing practices forbidden by Title VII and the P.H.R.A.

20. The retaliation included, but was not limited to:
    a. Mr. Farrington's yelling and screaming at Mrs. Reinert, and bringing her to tears on numerous occasions;
    b. Subjecting Mrs. Reinert to increased scrutiny over her work;
    c. Withholding important work-related information from Mrs. Reinert;
    d. Excluding Mrs. Reinert from decision-making functions;
    e. Denying Mrs. Reinert's requests for vacation and time off;
    f. Scheduling Mrs. Reinert to work less favorable shifts;
    g. Following Mrs. Reinert around the store, including the ladies' restroom (where he waited outside the door until she left the restroom);
    h. Holding her to different standards than were applied to other managers (including Mr. Farrington);
    i. Belittling Mrs. Reinert in front of subordinates;
    j. Placing her on a Performance Improvement Plan in September 2006 despite her good performance record; and
    k. Subjecting her to unjustified discipline.
21. Mrs. Reinert was damaged by the sexual harassment and retaliation. While working for PetSmart, Mrs. Reinert felt on edge much of the time; felt uncomfortable around men; lost confidence in her abilities; felt like a failure; felt angry, depressed, frustrated and embarrassed; developed headaches, stomach aches and the shakes; gained weight; withdrew from family and friends; and was otherwise damaged.
22. Mrs. Reinert was constructively discharged on November 10, 2006 as a result of the sexually hostile work environment, PetSmart's retaliatory treatment, and PetSmart's failure to fulfill its legal responsibilities upon learning of Mr. Farrington's sexual harassment and retaliation.
23. As a result of losing her job with PetSmart, Mrs. Reinert lost and continues to lose wages and benefits, endured physical and emotional pain and suffering, lost a job which she loved, placed her family in a precarious financial position, experienced physical and emotional pain and suffering, became liable for attorney's fees and costs, and was

otherwise damaged.

24. On February 16, 2007, Mrs. Reinert signed a Charge of Discrimination against PetSmart, Inc. which alleged that she had been discriminated against on the basis of sex and retaliation.
25. The E.E.O.C. received Mrs. Reinert's charge on February 22, 2007.
26. The E.E.O.C. assigned charge number 530-2007-01937 to Mrs. Reinert's charge, and cross-filed the charge with the Pennsylvania Human Relations Commission ("P.H.R.C.").
27. The number assigned to the P.H.R.C. charge was 200606376.
28. On June 16, 2008, the P.H.R.C. sent Mrs. Reinert a letter saying that her case had been closed administratively, and enclosing a Notice of Complainant's Rights.
29. On July 28, 2008, the EEOC filed a class action lawsuit against PetSmart, which sought to correct unlawful employment practices that discriminate based on sex and retaliation, and to provide appropriate relief to Jacqueline Reinert and others.
30. The Answer to Complaint was filed on September 8, 2008.

## VI.  CLAIMS

### FIRST COUNT
### (Violation of Title VII of the Civil Rights Act of 1964 by PetSmart, Inc.)

31. Paragraphs 1 through 30 are incorporated by reference.
32. Mrs. Reinert was discriminated against on the basis of sex when she was sexually harassed by Mr. Farrington.
33. PetSmart knew or should of known of Mr. Farrington's sexual harassment of Mrs. Reinert and other female employees.

WHEREFORE Mrs. Reinert prays for compensatory damages (*e.g.*, pecuniary losses, physical and emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses), back wages and benefits, front pay and benefits, punitive damages, attorney's fees, costs, and such other and further relief as are permitted by law or equity.

## SECOND COUNT
### (Violation of Title VII of the Civil Rights Act of 1964 (Retaliation) against PetSmart, Inc.)

34. Paragraphs 1 through 33 are incorporated by reference.

WHEREFORE Mrs. Reinert prays for compensatory damages (*e.g.*, pecuniary losses, physical and emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses), back wages and benefits, front pay and benefits, punitive damages, attorney's fees, costs, and such other and further relief as are permitted by law or equity.

## THIRD COUNT
### (Violation of Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*, by PetSmart, Inc.)

35. Paragraphs 1 through 34 are incorporated by reference.

WHEREFORE Mrs. Reinert prays for compensatory damages (*e.g.*, pecuniary losses, physical and emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses), back wages and benefits, front pay and benefits, punitive damages, attorney's fees, costs, and such other and further relief as are permitted by law or equity.

## FOURTH COUNT
### (Violation of Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* against PetSmart, Inc.)

36. Paragraphs 1 through 35 are incorporated by reference.

WHEREFORE Mrs. Reinert prays for compensatory damages (*e.g.*, pecuniary losses, physical and emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses), back wages and benefits, front pay and benefits, punitive damages, attorney's fees, costs,

and such other and further relief as are permitted by law or equity.

*Jana R. Barnett* (jrb185)

---

Jana R. Barnett, Esquire
Attorney for Plaintiff/Intervenor
Supreme Court of Pa. I.D. 73189
1238 Cleveland Avenue
Wyomissing, PA  19610-2102
610/478-1860

## JURY TRIAL DEMAND

Mrs. Reinert demands a trial by jury as to all issues.

*Jana R. Barnett*

---

Jana R. Barnett, Esquire
Attorney for Plaintiff/Intervenor