IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, and JACQUELINE REINERT, Intervenor Plaintiff, v. PETSMART, INC., Defendant. | CIVIL ACTION NO. 08-cv-3527 (Slomsky) |

FILED
AUG 2 0 2009
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## CONSENT DECREE

### Introduction

A.   The United States Equal Employment Opportunity Commission ("EEOC" and/or "the Commission") filed this action against PetSmart, Inc. ("Defendant" or "PETSMART") on July 28, 2008 to enforce Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). In its Complaint, the Commission alleged that Defendant discriminated against Jacqueline Reinert and other female employees by subjecting them to sexual harassment, which the Commission claimed was not effectively investigated and/or resolved by Defendant. The Commission further alleged that Defendant retaliated against Ms. Reinert for complaining about the harassment and caused her to be constructively discharged. Defendant PETSMART denied the allegations in their entirety and asserted several affirmative defenses in response to the claims.

B.  This Consent Decree is entered into by and shall be final and binding between the EEOC and PETSMART, its directors, officers, agents, successors and assigns.

C.  EEOC and PETSMART agree to the entry of this Consent Decree, which shall fully and finally resolve with prejudice all claims the EEOC raised in its Complaint in Civil Action No. 08-cv-3527 (E.D.Pa).

D.  This Consent Decree is not, and shall not be construed as, an adjudication or finding on the merits of the Complaint; it is not an admission by PETSMART of any violation of TITLE VII or any other law.

### Findings

E.  Having carefully examined the terms and provisions of this Consent Decree and based on the pleadings, record and stipulations of the parties, the Court finds: (1) it has jurisdiction of the parties and subject matter jurisdiction of this action; and (2) the terms of this Decree are fair, reasonable, equitable and just, and adequately protect the rights of the parties, and the public interest.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

### Non-Discrimination and Non-Retaliation

1.  PETSMART will comply with all of the provisions of TITLE VII, including its anti-discrimination and anti-retaliation provisions. This means that PETSMART will not take action against any individual because he or she exercised any of his or her rights under the TITLE VII, including filing a charge, providing testimony or assistance,

participating in any manner in any investigation, proceeding or hearing under the TITLE VII, or opposing any practice that he or she reasonably believed to be unlawful under the TITLE VII.

### Monetary Relief

2.  PETSMART agrees to pay the sum total of <u>One Hundred Twenty-Five Thousand Dollars</u> ($125,000) in full settlement of the claims raised on behalf of the affected employees against PETSMART in the EEOC's Complaint, Civil Action No. 08-cv-3527. The Commission has provided the dollar amount to be issued to each affected employee. PETSMART shall issue checks payable to the affected employees within ten (10) days of receipt of the attached signed Release (Attachment A). A form 1099 will be issued.

3.  PETSMART shall submit proof of payment by mailing a copy of the check issued in this matter to: Iris Santiago-Flores, Senior Trial Attorney, EEOC, Philadelphia District Office, 801 Market Street, Penthouse, Suite 1300, Philadelphia, PA 19107-3127.

### Posting of Notice

4.  Within 20 business days after entry of this Decree, PETSMART shall post on the bulletin board used by PETSMART in the employee breakroom at its Wyomissing, Pennsylvania store (Store # 1221), same sized copies of the Notice attached as Attachment B to this Decree. The Notice shall remain posted for a period of eighteen (18) months from the date of posting. PETSMART shall forward a certification that the Notice has been posted and the date of posting within 30 days after posting to Iris Santiago-Flores, Senior Trial Attorney, EEOC, Philadelphia District Office, 801 Market Street, Penthouse, Suite 1300, Philadelphia, PA 19107-3127. If posted copies

become defaced, removed, marred or otherwise illegible, PETSMART agrees to post a readable copy in the same manner as heretofore specified.

### Non-Discrimination and Anti-Harassment Policies and Complaint Procedures

5.  PETSMART shall maintain its policy against discrimination, harassment and retaliation and complaint procedures stated in writing in plain and simple language. Defendant's policy or policies against discrimination, harassment and retaliation and related complaint procedures shall meet the following criteria:

(a) state that PETSMART: (i) prohibits discrimination against employees in violation of anti-discrimination laws; (ii) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in an investigation of discrimination or harassment; (iii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex, sexual harassment, and/or retaliation, in violation of TITLE VII; and (iv) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to employees through acts such as physical/verbal abuse and derogatory comments in violation of TITLE VII;

(b) includes a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy or policies against discrimination, harassment and retaliation, that: (i) provides an effective mechanism(s) for reporting incidents of discrimination, harassment and retaliation; (ii) provides that the complaints of discrimination, harassment and retaliation can be made either in writing or

4

verbally; (iii) identifies a neutral person at PETSMART to whom an employee can make a complaint; (iv) encourages prompt reporting by employees; and (v) provides assurances that complainant(s) shall not be subjected to retaliation;

(c) provides for prompt investigation of complaints of harassment and/or retaliation by a trained member of Management with guidance from the Human Resources Department;

(d) provides for prompt communication to the complaining party of when the investigation is complete and the name of a person the employee can contact if he/she has any concerns; and

(e) provides for discipline up to and including discharge of an employee or supervisor who violates the policy or policies against discrimination, harassment and retaliation, and for increasingly severe discipline of repeat offenders.

6. PETSMART shall certify to the EEOC that all of its employees and newly-hired employees in the Wyomissing (Store # 1221) Allentown (Store # 1222) and Pottstown (Store # 1481) stores have a copy of its Handbook, which contains its policy or policies against discrimination, harassment and retaliation within 45 days after entry of this Consent Decree and shall ensure that each employee hired in the future receives a copy of its handbook which contains the written policy.

7. Defendant will retain copies of any acknowledgment of receipt form concerning its Handbook, which contains a copy of its policy or policies against discrimination, harassment and retaliation for each employee in the employee's personnel file.

8.   PETSMART shall maintain at each location a copy of its Handbook, which contains its policy or policies against discrimination, harassment and retaliation.

### EEO Training

9.   For a period of two (2) years, PETSMART shall provide EEO training on the requirements of the TITLE VII as follows:

(a)(1) PETSMART agrees to provide annual EEO training session(s) for any retail exempt managers, and exempt supervisors, at any of its stores located in Pennsylvania. The EEO training will cover employee rights and employer obligations under both TITLE VII and related state or local anti-discrimination laws.  PetSmart agrees to provide this first training session no later than six (6) months after entry of this Consent Decree;

(a)(2) PETSMART agrees to provide annual EEO training session(s) in February 2010 and February 2011 for its store associates at the Allentown (Store # 1222), Wyomissing (Store # 1221) and Pottstown (Store # 1481) stores. The EEO training will cover employees rights and employer obligations under both Title VII and related state or local anti-discrimination laws.

(b)   PETSMART will emphasize what constitutes unlawful discrimination in the workplace, how to keep the company free from such discrimination, what constitutes unlawful retaliation, and will summarize how it will ensure a prompt and effective investigation into allegations, complaints or charges of discrimination;

(c)   In the event an employee is unable to attend the EEO training, PETSMART shall show the EEO training required by this Consent Decree by way of

6

videotape, DVD, CD rom, written materials or on-line training in a language readily understood by the employee. In addition to the training described above;

(d) PETSMART shall provide training to all District Managers, Store Managers and Operation Managers in Pennsylvania regarding conducting a prompt and effective investigation into allegations, complaints, or charges of employment discrimination.

10. For the next two years, from the date of entry of this Consent Decree, PETSMART shall certify to the EEOC in writing within 10 business days after each training session required by Paragraphs 9(a)(1) and (9(a)(2) have occurred that the training has taken place and identify by name all employees who attended. Such certification shall also provide: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, including the name, date of hire, and position of each person who attended; (iii) a listing of the employee or employees at PETSMART's Pennsylvania stores who are responsible for responding to complaints of discrimination as of the date of the training; and, (iv) a copy of the agenda .

### Supervisor Accountability

11. For a period of two (2) years from the entry of this Consent Decree, PETSMART shall promote supervisor accountability by:

(a) providing anti-discrimination training to all of its exempt retail managers as set forth above;

(b) disciplining, up to and including discharge, any supervisor or manager who violates PETSMART's policy or policies against discrimination;

7

(c) imposing on all exempt retail managers a responsibility to ensure compliance with PETSMART's policy against discrimination; and

(d) requiring all managers and supervisors to report any incidents and/or complaints by store employees of discrimination of which they become aware to the employee or employees designated to handle such complaints.

### Reporting

12. PETSMART shall furnish to the EEOC the following written report at the end of the first year of this Consent Decree and upon the expiration of this Consent Decree:

(a) certification by PETSMART that the Notice required to be posted by Paragraph 4 was posted for the required period of time;

(b) notification by PETSMART that it has distributed its Handbook which contains its policy or policies against discrimination, harassment and retaliation to employees; and

(c) notification that PETSMART has complied with the training requirements of this Consent Decree.

### Dispute Resolution

13. In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 45 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-

8

compliance or satisfied the complaining party that it has complied within 45 business days, the complaining party may apply to the Court for appropriate relief.

## Miscellaneous Provisions

14.   Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

15.   The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of PETSMART in their capacities as representatives, agents, directors and officers of PETSMART and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any individual is found in contempt for a violation of this Decree.

16.   This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 08-cv-3527.

17.   This Consent Decree shall be filed in the United States District Court for the Eastern District of Pennsylvania and shall continue in effect for two (2) years. During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than 30 days' notice to the other party. Should any material disputes under this Decree remain unresolved after this two-year period, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all disputes have been resolved.

18. This case shall be and hereby is dismissed with prejudice, subject to this Court's jurisdiction to enforce the provisions of this Consent Decree.

19. The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

| For Plaintiff EEOC: | For Defendant PETSMART, INC |
|---|---|
| James L. Lee<br>Deputy General Counsel | *[signature]*<br>PETSMART Official |
| Gwendolyn Young Reams<br>Associate General Counsel<br>Wash., D.C. | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | *[signature]*<br>James N. Boudreau, Esq.<br>Michele Halgas Malloy, Esq.<br>Sarah L. Powenski, Esq.<br>Littler Mendelson, P.C.<br>Three Parkway<br>1601 Cherry St., Ste. 1400<br>Philadelphia, PA 19102<br>Attorney for Defendant PETSMART |
| *[signature]*<br>Debra Lawrence<br>Acting Regional Attorney | |
| *[signature]*<br>Judith O'Boyle<br>Supervisory Trial Attorney | |
| *[signature]*<br>Iris Santiago-Flores<br>Senior Trial Attorney<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Philadelphia District Office<br>801 Market Street,<br>Penthouse, Suite 1300<br>Philadelphia, PA 19106<br>(215) 440-2687 | ENTERED<br>AUG 2 0 2009<br>CLERK OF COURT |

APPROVED AND SO ORDERED THIS 20th DAY OF AUGUST, 2009

By the Court: *[signature]*
The Honorable Judge Slomsky

10

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　　　Plaintiff,<br><br>and<br><br>JACQUELINE REINERT,<br>　　　　　　Intervenor Plaintiff<br><br>v.<br><br>PETSMART, INC.,<br>　　　　　　Defendant. | CIVIL ACTION NO.<br><br>08-CV-3527 (Slomsky) |

### RELEASE BY CLAIMANT

Pursuant to the terms of the Consent Decree entered into by the Equal Employment Opportunity Commission ("EEOC") and Defendant PETSMART, INC., in the above-captioned case:

I, (name) _____, do hereby waive, remit, release and forever discharge Defendant PETSMART, INC , its parent and subsidiary companies, and affiliates, and any and all of the shareholders, officers, directors, agents, attorneys, employees, representatives and members of such entities from any and all claims, demands or causes of action under TITLE VII, including attorneys fees and costs, arising from or relating to any right or entitlement now existing until the date of execution of this Release for claims arising from or allegations made in EEOC v. PETSMART, INC, Civil Action No. 08-cv-3527(E.D.Pa), including claims of sex discrimination, sexual harassment, and retaliation occurring prior to this date.

This Release is freely executed in return for the good and valuable consideration set forth in the above-referenced Consent Decree.

Date: _____, 2009    SIGNATURE:
　　　　　　　　　　　　　　　　Name:

Sworn to and Subscribed
Before me this _____ day
of _____, 2009.

**ATTACHMENT B**

## NOTICE TO ALL PETSMART EMPLOYEES
### POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, AN AGENCY OF THE UNITED STATES GOVERNMENT, AND PETSMART, INC.

This Notice is being posted as required under a federal court-appoved Consent Decree filed between the U.S. Equal Employment Opportunity Commission (EEOC) and Petsmart, Inc.

Under Title VII of the Civil Rights Act of 1964 (Title VII) it is unlawful for an employer to discriminate against any individual in her/his employment because of such individual's sex, race, color, religion, or national origin . . . .

**Sexual harassment** is a type of sex discrimination prohibited under federal law. Sexual harassment is any unwanted and offensive acts committed against an employee or job applicant because of her/his gender. For example, sexual harassment can include unwelcome requests for dates or sex, verbal abuse and humiliation, staring at a person's body, sexual comments, jokes or suggestions, threats or punishment for refusing to agree to dates or sex, physical touching and sexual assault, and any other offensive actions that are done because of someone's gender. Sexual harassment can also include negative comments about an employee's work, abilities, or proper position in the work place because of her/his gender. Harassment can be obvious or subtle, and behavior that may be appropriate in a non-work setting may be unacceptable in the workplace.

Under Title VII it is also illegal for an employer to commit **retaliation** in any manner against any person because she/he reported harassment or other discrimination, opposed it in some way, or because of the filing of a complaint, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under Title VII.

WE WILL NOT engage in any acts or practices made unlawful under Title VII.

PetSmart, Inc. will ensure that owners, officers, supervisory and all other employees obey the company's sexual harassment and retaliation policy and promises that sexual harassment and retaliation will not be tolerated.

If you believe you have been discriminated against or retaliated against, we encourage you to report such conduct to any PETSMART manager, supervisor, or to Human Resources. You also have the right to seek assistance from or file a charge with the EEOC if you believe you are being discriminated against or retaliated against.

You may contact the EEOC at:

Equal Employment Opportunity Commission, Philadelphia District Office, 801 Market Street, Ste. 1300, Philadelphia, PA 19144

(215) 440-2600 or (215) 440-2601 or toll-free no. 1-800-669-4000. For further information, visit the website: www.eeoc.gov.

Date Posted:

Date Expires:

By: _____

_____
PetSmart, Inc.